IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Shoe Cover, Inc. d/b/a ShuBee,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**Warrior Protective Inc. and**<br>**ABC Window Cleaning Supply, Inc.,**<br><br>    **Defendants.** | **Civil Action No: 5:25-cv-00305-MTT** |

**STIPULATED PROTECTIVE ORDER**

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

IT IS HEREBY **STIPULATED** that:

WHEREAS, Plaintiff Shoe Cover, Inc. d/b/a ShuBee and Defendants Warrior Protective Inc. and ABC Window Cleaning Supply, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

1

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," The word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2. Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated "ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," or

"RESTRICTED - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.  A designation of Protected Material (i.e., "CONFIDENTIAL" OR "RESTRICTED - ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," or "RESTRICTED - ATTORNEYS' EYES ONLY," both individually and collectively.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

    (a)    outside counsel of record in this Action for the Parties;

    (b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

    (d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action;

    (e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

    (g)    the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "ATTORNEYS' EYES ONLY."

9. For Protected Material designated ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

11. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

12. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of

business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

14. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary in the pleading or

exhibit filed publicly with the Court.

15. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

16. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

17. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

18. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

19. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

20. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

21. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing

thereof, all such objections being hereby preserved.

22. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

23. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

24. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants. The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party

anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order. If it becomes necessary to reference designated-confidential materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and all exhibits in one docket entry with redactions where appropriate. It is not appropriate to redact an entire document or file a "placeholder" (i.e., a document that simply directs a reader to a restricted document). It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a "copy" or "mirror image" of the entire first filing without redactions as restricted to case participants. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file all exhibits (even exhibits that were not redacted) in one docket entry without redactions. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first**

**filing**.  The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits in one docket entry and with redactions on the public docket.  It is not appropriate to redact an entire document or file a placeholder.  It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits in one docket entry and without redactions as restricted to case participants.  It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing**.  The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF.  The party will follow all of the prompts, including attaching the requested documents.  The party will link the restricted filing to the public filing.  Before submitting the entry, please review the text box to ensure the name description and document links are correct.  If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED,** this 9th day of October, 2025.

                                                  S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Shoe Cover, Inc. d/b/a ShuBee,**<br><br>　　Plaintiff,<br>v.<br><br>**Warrior Protective Inc. and**<br>**ABC Window Cleaning Supply, Inc.,**<br><br>　　Defendants. | **Civil Action No: 5:25-cv-00305-MTT** |

# APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

　　I, _____, declare that:

1.　　My address is _____.

　　My current employer is _____.

　　My current occupation is _____.

2.　　I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.　　I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that is disclosed to me.

4.　　Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the

1

outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____